UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Civil Action No.: 13-265 (RC) |
| v. | : | |
| | : | Re Document No.: 4 |
| JAMES AND NANCY PRESTON, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OPINION

The defendants have moved to dismiss this case for improper venue or, in the alternative, to transfer it to the Eastern District of Virginia. Their motion will be denied.

I. FACTUAL BACKGROUND

In September 2012, Nancy Preston pled guilty to mail fraud, and was ordered to make restitution to her employer, from whom she had embezzled hundreds of thousands of dollars. A substantial portion of that judgment remains unsatisfied. The government alleges that several months before she was charged, but after she had admitted her guilt to FBI agents, Mrs. Preston deeded to her husband, James Preston, her interest in their house in Fairfax County, Virginia. Compl. ¶¶ 2–3. Mr. Preston gave his wife ten dollars in consideration of the transfer, which the government now seeks to void. *Id.* ¶ 3. The government alleges that Mrs. Preston did not receive reasonably equivalent value for her interest in the house, and that she and her husband made the transfer to hinder the satisfaction of the anticipated restitution judgment. It has filed a fraudulent transfer complaint under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3304. Pursuant to Federal Rule of Civil Procedure 12(b)(3), the Prestons have moved to dismiss this case for improper venue or, in the alternative, to transfer it to the Eastern District of Virginia.

1

## II. LEGAL STANDARD

"Rule 12(b)(3) instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum." *Poku v. FDIC*, 752 F. Supp. 2d 23, 26 (D.D.C. 2010). "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011) (quoting *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008)). But the court need not accept the plaintiff's legal conclusions, *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002), nor "inferences that are unsupported by the facts set out in the complaint," *Herbert v. Sebelius*, 2013 WL 656906, at *3 (D.D.C. Feb. 25, 2013) (citing *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006)). "A court may [also] consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue . . . ." *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002).

"Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). If venue is improper, "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

Even when venue is proper, however, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). "The idea behind s. 1404(a) is

that where a 'civil action' to vindicate a wrong—however brought in a court—presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." *Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26 (1960). "[T]he main purpose of section 1404(a) is to afford defendants protection where maintenance of the action in the plaintiff's choice of forum will make litigation oppressively expensive, inconvenient, difficult or harassing to defend." *Starnes v. McGuire*, 512 F.2d 918, 927 (D.C. Cir. 1974) (en banc); *accord Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) ("[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" (quoting *Continental Grain*, 364 U.S. at 26, 27)). When venue is properly laid in this district, "[t]ransfer elsewhere under Section 1404(a) must . . . be justified by particular circumstances that render [this] forum inappropriate by reference to the considerations specified in that statute. Absent such circumstances, transfer in derogation of properly laid venue is unwarranted." *Starnes*, 512 F.2d at 925–26.

Section 1404(a) "vests 'discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness."'" *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 50 (D.D.C. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622)). And it "directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs. The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Stewart Org.*, 487 U.S. at 30. The precise "standards to be considered in determining whether to grant or deny a section

1404(a) motion to transfer are generally . . . left to the discretion of the trial court," *SEC v. Page Airways, Inc.*, 464 F. Supp. 461, 463 (D.D.C. 1978), which is "broad" but "not untrammeled," *Fine v. McGuire*, 433 F.2d 499, 501 (D.C. Cir. 1970) (per curiam) (noting that the trial court must "give consideration to the traditional [forum non conveniens] factors, including the plaintiff's choice of forum").

## III. ANALYSIS

### A. Proper Venue

The Prestons argue that venue is not proper in the District of Columbia because this case does not satisfy the general venue statute. *See* 28 U.S.C. § 1391(b). The government's primary argument is that the court need not rely on the general venue statute, because the Federal Debt Collection Procedures Act ("FDCPA") includes a nationwide service of process provision that also, implicitly, provides for nationwide venue. *See* 28 U.S.C. § 3004(b)(1). One judge in this district has said that this is so, that the "[o]peration of [the FDCPA's] nationwide service of process provision . . . is not contingent on satisfaction of a separate venue provision. Instead, by implication, [the FDCPA] suggests that absent a request for transfer, the venue in which the action is brought is appropriate." *Reese Bros., Inc. v. U.S. Postal Serv.*, 477 F. Supp. 2d 31, 39 (D.D.C. 2007); *accord SEC v. Brightpoint, Inc.*, 2011 WL 6778493 at *1 (S.D.N.Y. Dec. 21, 2011) ("Venue for proceedings under the FDCPA is set by 28 U.S.C. § 3004(b) . . . . Venue under the FDCPA is proper in . . . any . . . federal court."). The logic of this interpretation is that, if the FDCPA allows for process to "be served in any State" and "enforced by the court" that issues it, 28 U.S.C. § 3004(b)(1), and thereby provides for nationwide jurisdiction, *see Bally Gaming, Inc. v. Kappos*, 789 F. Supp. 2d 41, 45 (D.D.C. 2011) (discussing cases in which "this Court derives its personal jurisdiction over a defendant from a federal statute's nationwide-

service-of-process provision"), then it must contemplate that no court would dismiss an FDCPA case for improper venue. Persuaded by that reasoning, the court concludes that venue is proper under the FDCPA.[1]

### B. Mandatory Transfer

The Prestons have, nonetheless, requested that the case be transferred. They argue that transfer is mandated by 28 U.S.C. § 3004(b)(2), which provides that "[i]f the debtor so requests, within 20 days after receiving the notice described in section 3101(d) or 3202(b), the action or proceeding in which the writ, order, or judgment was issued *shall be transferred* to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2) (emphasis added). The defendants have not received—and, in this action, will never receive—"the notice described in section 3101(d) or 3202(b)." *Id.* "[T]he notice described in section 3101(d)," *id.*, must be provided when the United States applies for a "prejudgment remedy" in "a civil action on a claim for a debt," *id.* § 3101(a)(1); *see id.* § 3101(d)(1) ("On filing an application by the United States *as provided in this section*, the counsel for the United States shall prepare, and the clerk shall issue, a notice for service on the debtor *against whom the prejudgment remedy is sought* . . . ." (emphases added)). "[T]he notice described in section . . . 3202(b)," *id.* 3004(b)(2), is given when the United States seeks a post-judgment remedy on a claim for debt, *id.* § 3202(b) ("On the commencement by the United States of an action or proceeding *under this subchapter* to obtain a remedy, the counsel for the United States shall prepare, and clerk of the court shall issue, a notice

---

[1] The court also notes that it has personal jurisdiction over the defendants. As the D.C. Circuit has held, "the requirement of 'minimum contacts' with a forum state is inapplicable where the court exercises personal jurisdiction by virtue of a federal statute authorizing nationwide service of process." *SEC v. Bilzerian*, 378 F.3d 1100, 1106 n.8 (D.C. Cir. 2004) (citing *Briggs v. Goodwin*, 569 F.2d 1, 8–10 (D.C. Cir. 1977), *rev'd on other grounds sub nom.*, *Stafford v. Briggs*, 444 U.S. 527 (1980)). "In such circumstances, minimum contacts with the United States suffice." *Id.* There is no question that the Prestons, both of whom reside in Virginia, satisfy this requirement.

5

in substantially the following form . . . ." (emphasis added)); *see id.* §§ 3201–06 (Subchapter C, "Postjudgment Remedies").

This case was brought under 28 U.S.C. § 3304, which governs fraudulent conveyance actions and falls within subchapter D of the FDCPA. Because this is not a suit on a debt, the defendants will not receive "the notice described in section 3101(d) or 3202(b)," *id.* § 3004(b)(2), and so cannot avail themselves of the FDCPA's mandatory transfer provision, *see United States v. Sutton*, 2005 WL 281162, at *4 (D. Conn. Jan. 10, 2005) ("Section 3004(b)(2) . . . is inapplicable to . . . a fraudulent conveyance action commenced under . . . Subchapter D of the FDCPA. . . . Section 3004(b)(2) permits defendants to transfer actions brought pursuant to *Subchapters B and C* of FDCPA *only,* which . . . relate to prejudgment and postjudgment collection remedies, not to fraudulent transfer actions."); *United States v. Greene*, 2012 WL 1965620, at *3 (N.D. Okla. May 31, 2012).[2]

**C. Discretionary Transfer**

Although transfer is not mandatory under the FDCPA, the court may still grant the defendants' motion if this case "might have been brought" in another district and to transfer it there would promote "the convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a). Before exercising that power, the court must engage in "an 'individualized . . . consideration of convenience and fairness,'" *Stewart Org.*, 487 U.S. at 29 (quoting *Van Dusen*,

---

[2] Because the FDCPA's transfer provision does not apply to this case at all, the court need not decide whether the transfer would in fact be mandatory if the provision did apply. *Cf. United States v. Matthews*, 793 F. Supp. 2d 72, 75 (D.D.C. 2011) (concluding that, despite apparently mandatory language of § 3004(b)(2), the FDCPA "allows a court to deny a timely transfer motion for good cause, and good cause to deny transfer ordinarily would exist where transfer is requested merely to delay or frustrate efforts to collect on restitution judgments" (quoting *United States v. Gipson*, 714 F. Supp. 2d 571, 576 (E.D. Va. 2010))).

6

376 U.S. at 622), that accounts for "the parties' private ordering of their affairs," as well as "those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice,'" *id.* at 30.

The government does not dispute that the case "might have been brought" in the Eastern District of Virginia, *see* Pl.'s Opp. at 14 n.4, so the court must consider whether "the convenience of parties and witnesses" and "the interest of justice" indicate that it should be transferred there, 28 U.S.C. § 1404(a). In support of transfer, the Prestons argue that the Eastern District of Virginia would be a more convenient forum, because all potential witnesses (including the defendants) live in Virginia and the challenged transaction took place there. They suggest that cases involving Virginia residents and Virginia property should, whenever possible, be heard in the federal courts of that state. The defendants also assert that the Eastern District of Virginia disposes of its cases more quickly and is more familiar with Virginia property law than this court.

The government makes three chief arguments in opposition to transfer. First, it suggests that convenience is a minor factor in this case, as the federal courthouses in Alexandria, Virginia and Washington, D.C. are roughly ten miles from each other. Second, the government suggests that the interest of justice strongly favors having this case heard by the same judge who presided over Mrs. Preston's criminal case, which gave rise to this civil complaint. Finally, the government emphasizes the deference traditionally accorded to a plaintiff's choice of forum. *See Fine*, 433 F.2d at 501 (Section 1404(a) "requires the court to give consideration to the traditional factors, including the plaintiff's choice of forum.").

The defendants reply that "this deference is mitigated if the plaintiffs' choice of forum has 'no meaningful ties to the controversy and no particular interest in the parties or subject

7

matter.'" *Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124, 128 (D.D.C. 2001) (quoting *Chung v. Chrysler Corp.*, 903 F. Supp. 160, 165 (D.D.C. 1995), in turn quoting *Islamic Rep. of Iran v. Boeing Co.*, 477 F. Supp. 142, 144 (D.D.C. 1979)). That is true, but does not help their cause. This court has a significant interest in both the parties and the subject matter of this case, in which the government alleges that Nancy Preston made a fraudulent conveyance to hinder the satisfaction of a restitution judgment that she expected (and in fact received) from this court. The deference due to the government's choice of forum and the court's interest in the subject matter of this case counsel strongly against transfer. "[T]he convenience of parties and witnesses" is a minor concern where the alternative forum is a Metro ride away. 28 U.S.C. § 1404(a). And neither the efficiency with which that forum resolves its cases nor its familiarity with Virginia law (which will at most play an incidental role in this FDCPA action) is enough to outweigh the interests linking this court to this case.

## IV. CONCLUSION

The court concludes that venue in this district is proper under the FDCPA, and that it would not promote the interest of justice to transfer this case to the Eastern District of Virginia. It will therefore deny the defendants' motion.

Rudolph Contreras
United States District Judge

Date: August 16, 2013

8